Finch, J.
There are said to be two questions of fact in this case, although involving quite inconsistent positions. One is whether Bateman held the ten bonds claimed as due to the plaintiff in the character of a bailee bound to deliver them; and the other whether he owed the bonds as a debt because he was the undisclosed principal in plaintiff’s contract with Hood. Waiving for the present the inconsistency thus developed, it remains true that the referee’s findings negative both the asserted facts, and are beyond our review because supported by evidence. They require attention, however, since they are more or less involved in objections taken to the referee’s rulings upon the trial.
It is first urged that proper evidence tending to show that Bate-man was the real purchaser in plaintiff’s sale of the railroad to Hood was erroneously excluded. To appreciate the referee’s ruling we . must recall the situation existing when it was made. *290 Plaintiff’s written claim put bdfore the referee was wholly against. Bateman as bailee. After stating the amount sought to be recovered, the plaintiff proceeds thus: Said Bateman,'at the time of his assignment, held said bonds which had theretofore been delivered to him to secure the performance of certain conditions. Prior to his assignment, such conditions had been duly performed and the delivery of said bonds, coupons and interest had been duly demanded, but such-delivery was not made. If there wSs or could be the least doubt as to th‘e meaning of this claim it was dissipated at the opening of the trial, for the first thing done on behalf of plaintiff was to put before the referee the affidavit of the plaintiff in which he tells his whole story and sets out in detail the. facts and circumstances upon which he relies. In that paper Bateman is charged as bailee violating his duty, the written contract with Hood is annexed, and there is no pretense or suggestion of any other ground of liability. In this state of the case plaintiff called Bateman as a witness. On his direct examination he testified that he never had the bonds, and that the sale of the railroad was to-Hood. The claimant then asked: State, if you can, the circum-: stances surrounding the agreement entered into by Lewis Clepliane and one Peck, attorney in fact of Calvin Hood. The evidence was objected to on the ground that the agreement was in-writing, and is in evidence, and speaks for itself. The objection was sustained, and there was an exception. The ruling was clearly right.
The offer itself was loose and broad, stating no purpose and confined to no point, obviously immaterial to any known issue in the case, and improper in the face of the writing itself. But the claimant now says he wanted to show that Bateman and not Hood was the real purchaser. Then he should have said so. He should have made that offer. He should have stated the new and unsuspected and wholly inconsistent issue which he meant to interject into the case, and asked a ruling in the light of it. Hot having done so, but concealing the purpose if he had it at all, he cannot now avail himself of it to defeat the ruling, perfectly proper and just under the circumstances which surrounded it,, and when it was made. To hold otherwise would be to condone what would operate as a fraud upon the referee.
Later Clephane himself was called as a witness and was asked: With whom did you conduct the negotiations leading up to that, sale? That was objected to again and the objection was-sustained. There was no exception; and if one had been taken the observations already made would again be applicable. There is a further answer to the criticism of these rulings contained in the opinion of the general term, but, wholly independent of that, I think the-claimant 'never put himself in position to raise the question of error upon which he how relies.
What has been said is one answer to. the claimant’s exception which questioned the referee’s refusal to admit an offered, telegram. It preceded the sale of the road, and appeared to form an.element of the negotiations ending in such sale, and there was no sufficient proof of the genuineness or authenticity of the paper. If such *291 proof was possible by the method suggested in the testimony, it was not furnished.'
We discover no ground for reversal, and the judgment should be affirmed, with costs.
All concur. Judgment affirmed.